STATE ex rel. ANACONDA ALUMINUM COMPANY and ANACONDA WIRE & CABLE COMPANY, Petitioners, v. The DISTRICT COURT of the ELEVENTH JUDICIAL DISTRICT of the State of Montana, in and for the COUNTY OF FLATHEAD and THE HONORABLE ROBERT C. SYKES, a Judge thereof, Respondents.

No. 12148.
No. 9, 1971.
490 P.2d 351.

MR. JUSTICE CASTLES, dissented.

The HON. THOMAS DIGNAN, District Judge, sat in place of MR.. JUSTICE HARRISON, who did not participate.

ORDER

PER CURIAM:

Original proceeding. Petitioners Anaconda Aluminum Company and Anaconda Wire & Cable Company, filed an application for a writ of supervisory control in this Court on October 13, 1971. Counsel was heard ex parte and an order issued on October 14, 1971, requiring an adversary hearing be had to determine whether a writ of supervisory control should issue

as prayed for by petitioners. At the time set, October 29, 1971, counsel for the petitioners and respondents appeared and orally argued the matter and it was taken under advisement.

In brief, in the district court of Flathead County petitioners had filed a motion for an order that civil cause No. 21363, entitled Dr. Loren L. Kreck and Mary Kreck, husband and wife, on behalf of themselves and all others similarly situated, Plaintiffs, vs. Anaconda Aluminum Co. and Anaconda Wire & Cable Co., Defendants, could not be maintained as a class action. Briefs were submitted, oral argument had before the district court and the matter taken under advisement. Thereafter, and on September 9, 1971, the court issued an order denying the motion to have the court declare the action not be maintained as a class action. In seeking from this Court a supervisory writ petitioners contend the order of the district court is erroneous and contrary to the express provisions of Rule 23, M.R.Civ.P.

The district court, by its actions, is of the opinion the matter can be handled as a class action and if, as the matter progresses in that court it appears otherwise, as the rule provides, the order may be altered or amended before a decision on the merits. Further, Rule 23 also provides that an order may be combined with an order under Rule 16 as may be desirable from time to time. Rule 16 has to do with pretrial conferences. In these circumstances it does not appear to us that any supervisory or other appropriate writ is required at this time. It should be noted that Rule 1(b) of M.R.App. Civ.P.. provides for an appeal from an order refusing to permit an action to be maintained as a class action. The advisory committee on the Rules, after commenting upon this provision, stated in its note to Rule 23, M.R.Civ.P. that:

"There does not seem to be a corresponding necessity for direct appeal, as distinct from appeal from the final judgment, where the court determines that the action may be maintained as a class action."

For these reasons the relief requested is denied and the proceeding is dismissed.

MR. JUSTICE CASTLES (dissenting):
I dissent.

The HON. THOMAS DIGNAN, District Judge, sat in place of MR. JUSTICE JOHN C. HARRISON, who did not participate.